UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08189-WLH-BFM | Date | December 2, 2025 |
|---|---|---|---|
| Title | *Veronica G. Perez et al v. General Motors LLC et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|
| Holidae Crawford | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND [15]**

The Court is in receipt of Plaintiffs Veronica G. Perez and Franklin A. Perez's Motion to Remand (the "Motion"). (Mot., Dkt. No. 15). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 13 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for December 5, 2025, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **DENIES** the Motion.

## I.  BACKGROUND

Plaintiffs filed the instant action on February 7, 2025, in the Superior Court of California, County of Los Angeles against Defendant General Motors, LLC ("General Motors" or "Defendant"). (Notice of Removal ("Notice"), Dkt. No. 1 at 2). The Complaint asserted causes of action under the Song-Beverly Consumer Warranty Act for breach of the implied warranty of merchantability, California Civil Code section 1793.2, and the Magnuson-Moss Warranty Act. (Notice, Ex. A, Compl. ¶¶ 9-45). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Complaint and Summons were served on General Motors on February 10, 2025. (Notice, Ex. A). General Motors answered the Complaint on June 25, 2025. (Notice, Ex. B (the "Answer")). Over two months later, on August 29, 2025, General Motors removed the action to this Court, stating in its Notice that in the 30 days prior, General Motors "conducted a preliminary investigation and determined that Plaintiffs' citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiffs' allegations plausibly give rise to subject matter jurisdiction." (Notice at 2). Because Plaintiffs are domiciled in California, General Motors is a resident of both Delaware (its state of incorporation) and Michigan (its principal place of business), and an amount in controversy of over $75,000 exists, General Motors argues removal here is proper by reason of diversity jurisdiction. (Notice at 3-5).

Plaintiffs filed the instant Motion on September 26, 2025, arguing removal is untimely. (Mot., Dkt. No. 15). On November 14, 2025, General Motors timely opposed the Motion (Opp'n, Dkt. No. 22), and Plaintiffs timely replied to the Opposition (Reply, Dkt. No. 23).

**II.    LEGAL STANDARD**

There are three different "deadlines" for removal which might apply to this case. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted). "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Id.*

Beyond those two thirty-day removal deadlines, a defendant may remove a case "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). "But in that last scenario, the defendant has no more than one year from 'the commencement of the action' to file a timely removal notice." *Iniquez v. Ford Motor Co.*, 2025 WL 1042712, at *2 (C.D. Cal. Mar. 21, 2025) (citing 28 U.S.C. § 1446(c)(1)).

A "defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth*, 720 F.3d at 1125. At the same time, "neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own." *Id.*

### III. DISCUSSION

Plaintiffs move for remand presenting two main arguments. Plaintiffs contend that General Motors' Notice of Removal is untimely because "Plaintiffs' initial Complaint contained a Federal Cause of Action under the Magnuson-Moss Warranty Act." (Mot. at 1). Further, Plaintiffs argue that "Defendant[] incorrectly contends that removal was not triggered by the Complaint because it purportedly fails to establish the amount in controversy recoverable under the federal Magnuson-Moss claim." (*Id.* at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

For the reasons stated below, the Court disagrees and concludes that Defendant's removal was timely. Therefore, Plaintiffs' Motion is **DENIED**.

    A.    **Amount in Controversy**

        i.    **Timeliness of Removal**

On the central issue of alleged damages, Defendant contends that Plaintiffs' Complaint fails to establish the requisite amounts in controversy for either: (1) the $50,000 required for jurisdiction under the Magnuson–Moss Warranty Act or (2) the $75,000 required for diversity jurisdiction under 28 U.S.C. § 1332. (Opp'n at 4). The Court addresses each issue in turn.

First, Plaintiffs argue that Defendant's Notice of Removal is untimely because the Complaint contained a federal cause of action under the Magnuson-Moss Warranty Act. (Mot. at 5-6). The Magnuson–Moss Warranty Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). The Act provides for federal district court jurisdiction over certain claims. *See* 15 U.S.C. § 2310(d)(1)(B). Actions removed based on the Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in controversy requirement is met. *Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021). The relevant portion of the Magnuson–Moss Warranty Act states, "No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Under the Magnuson–Moss Warranty Act, the amount in controversy excludes interests and costs and is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

"computed on the basis of all claims to be determined in th[e] suit." § 2310(d)(3)(B). "If the amount of controversy is less than $50,000, the plaintiff must instead file its Magnuson-Moss Warranty Act claim in any State or in the District of Columbia." *Guerrero v. Mercedes-Benz USA, LLC*, 2023 WL 4085975, at *1 (C.D. Cal. June 20, 2023); *see also* 15 U.S.C. §§ 2310(d)(1)(A)–(B), 2310(d)(3)(B).

District courts have analyzed the amount in controversy under the Magnuson–Moss Warranty Act using the same principles as diversity jurisdiction. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332."). Here, the Complaint fails to allege expressly any amount in controversy.

Nevertheless, Plaintiffs contend that the face of the Complaint "had in its possession all information necessary to determine if the amount in controversy exceeded the jurisdictional threshold." (Reply at 1). Plaintiffs, however, do not—and can not—point to any allegations in the Complaint to show that the amount in controversy can be ascertainable such that the Complaint is "removable on its face." *Harris*, 425 F.3d at 694.

Furthermore, as Defendant correctly notes, Plaintiffs' "Complaint alleges the make, model, and year of the subject vehicle, but does not allege the purchase price, nor any other dollar amounts for statutorily required deductions." (Opp'n at 5). The Court cannot speculate as to the *actual* amount in controversy of the Subject Vehicle, the 2019 Chevrolet Silverado, with no other information, such as the actual purchase price and mileage. "Without these facts, the Court is left with considerable doubt as to the amount in controversy." *Chajon v. Ford Motor Company*, 2019 U.S. Dist. LEXIS 4254, at *3,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

2019 WL 994019 (C.D. Cal., Jan. 8, 2019) (remanding action to state court); *see also Day v. FCA US LLC*, 2020 WL 3047986, at *2 (C.D. Cal. June 8, 2020) (noting any reduction for the use of the vehicle should be taken into account to determine the amount in controversy).

Second, Defendant argues that the Complaint on its face is "indeterminate" as to the amount in controversy under the Song-Beverly Act, so service of the Complaint did not "start the clock" for removal. (Opp'n at 16). The Song-Beverly Act provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorney fees. Cal. Civ. Code § 1794(a)–(d). Actual damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code §§ 1793.2(d)(1) and (2). The Ninth Circuit has explained that "consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy because "an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (internal quotation marks and citation omitted); *see also Manukyan v. Mercedez-Benz USA, LLC*, 2024 WL 5440725, at *2 (C.D. Cal. Dec. 10, 2024) (applying *Schneider* outside the CAFA context). In addition, a plaintiff's recovery under the Song-Beverly Act is limited to the actual amount paid to the seller. *Alvarado v. FCA US, LLC*, 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017) (calculating actual damages by using "the total cash price paid for the subject vehicle" including "any paid finance charges").

Here, Plaintiffs' Complaint provides no information as to the total cash price for the Subject Vehicle or any information from which the mileage use offset can be determined. Accordingly, "because any estimate of actual damages is uncertain from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

face of Plaintiffs' Complaint, any estimate of civil penalties is equally uncertain." *Covarrubias v. Ford Motor Co.*, No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025); *see also Leigh v. FCA US LLC*, 2021 WL 4551864, at *3 (C.D. Cal. Oct. 5, 2021). Without additional information in the operative complaint, the Court finds the amount in controversy—as pleaded—is indeterminate and insufficient to trigger the first 30-day statutory timeline for removal. The Complaint fails to allege "any information as to the amount actually paid for the vehicle by Plaintiff—i.e., the total cash price paid for a purchased, or monthly payments made on a leased, vehicle" or how the "vehicle's mileage use offset can be determined." *Covarrubias*, 2025 WL 907544, at *3. Thus, General Motor's timeline to remove was not triggered at the time of Plaintiffs' service of the Complaint.

Plaintiffs also attempt to rely on an "other paper from which it may first be ascertained that the case is one which is or has become removeable" under 28 U.S.C. § 1446(b)(3). Plaintiffs argue that "[a]lthough Plaintiffs' state court complaint does not allege a specific dollar amount in controversy, it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone." (Mot. at 6-7). Plaintiffs further contend that Defendant had the "ability to ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle." (*Id*. at 7-8).

Plaintiffs' arguments are unpersuasive and unsupported. The clock for both 30-day removal deadlines "begins running upon 'defendant's receipt of a document from the plaintiff or the state court—*not by any action of defendant*.'" *Solis v. Nissan North Amer., Inc.*, No. CV 24-00728-MWF-E, 2024 WL 1311275, at *2 (C.D. Cal. Mar. 27, 2024) (*quoting Franklin v. HealthSource Glob. Staffing, Inc.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024)) (emphasis added); *see also Adelpour*

**CIVIL MINUTES - GENERAL**

*v. Panda Express, Inc.*, 2010 WL 2384609, at *4 n.7 (C.D. Cal. June 8, 2010) (The "other paper" in Section 1446(b)(3) cannot be one created by defendant; it "must derive from either the voluntary act of the plaintiff ... or other acts or events not the product of the removing defendant's activity."). Plaintiffs set forth no evidence in their Complaint or point to any specific document that provided adequate notice of its ability to remove or when Defendant received such specific document, the event which would trigger the second 30-day removal timeline. While Plaintiffs produced a purchase agreement dated September 29, 2019 (the "Purchase Agreement") for the 2019 Chevrolet Silverado on August 26, 2025, (*see* Opp'n, Ex. B; *see also* Declaration of Keith W. Stafford in Support of Defendant's Opposition ("Stafford Decl.") ¶ 3), Defendants could not, at that time, ascertain the amounts in controversy *solely* from the purchase price. *See, e.g.*, *Covarrubias*, 2025 WL 907544, at *3 (identifying "vehicle's mileage use offset" as an issue impacting the amount in controversy). Even if, *arguendo*, General Motors had "sophisticated knowledge of the motor vehicle industry," (Mot. at 7), General Motors is not required to "remove the case within 30 days of its own realization of removability pursuant to an investigation." *Gonzalez* 2024 WL 2782102, at *3.

Rather, a defendant seeking to remove a case "on the basis of its own information" would have a year from the "commencement of the action" to remove. *Iniquez*, 2025 WL 1042712, at *2; *see also Roth*, 720 F.3d at 1125. Because it is currently less than a year since the filing of this case, Defendant's removal was timely.

        **ii.**        <u>**Satisfaction of Amounts in Controversy**</u>

The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Plaintiffs argue that, even if Defendant's Notice of Removal was timely, Defendant has not established that the amount in controversy exceeds the jurisdictional thresholds. (Mot. at 9). "[S]ince the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Magnuson-Moss Act does not specify the appropriate measure and type of damages that are available, 'courts, including the Ninth Circuit, have turned to the applicable state law to determine which remedies are available under the Act, which of necessity informs the potential amount in controversy.'" *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1067–68 (C.D. Cal. 2023) (internal citations omitted). As such, the Court is permitted to conduct a combined analysis, because the damages calculation under the underlying, Song-Beverly claim, pursuant to California state law, may be similarly applied to establish the amount in controversy for the Magnuson-Moss Warranty claim.

   **a)**  **Actual Damages**

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer" Cal. Civ. Code § 1793.2(d)(2)(B)-(C). This reduction, i.e., mileage offset is calculated as follows:

  # of Miles Drive Between Purchase & First Repair Attempt / 120,000 Miles = Use Offset Multiplier

  Purchase Price x Use Offset Multiplier / Use Offset Deduction → Purchase Price - Use Offset Deduction / Restitution

*Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898 (S.D. Cal. 2021).

Under the Song-Beverly Act, actual damages should be reduced by additional statutorily provided offsets, including: (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff ... from third parties, except for optional purchases for dealer-supplied equipment or services;" (2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs

associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *2 (C.D. Cal.); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to Song-Beverly claims).

Here, the purchase price of the Subject Vehicle was $60,456.80. (Stafford Decl., Ex. B at 1). Because the Vehicle had 4 miles before Plaintiffs purchased it and 27,948 miles when Plaintiffs first delivered the Subject Vehicle to the dealership for repair, Plaintiffs traveled a total of 27,944 miles in the Subject Vehicle. (*Id.* ¶ 4; Opp'n at 19). Dividing this number by 120,000 and multiplying this by the cash price of the Vehicle—$42,600.00—results in an estimated mileage offset of $9,920.12. (*Id.*). Defendant also identified additional offsets totaling $3,731.00. (Opp'n at 19). Defendant estimated $0.00 in unpaid financing based on the loan terms in the purchase agreement—an assumption the Court deems reasonable. Thus, General Motors has set forth evidence that the actual damages at issue is $46,805.68. (Opp'n at 17).

### b) Civil Penalties

Under the Song-Beverly Act, damages may include a civil penalty "which shall not exceed two times the amount of actual damages." Cal. Civil. Code § 1794(c). Civil penalties are only available under certain circumstances when either: (1) the defendant's violation was willful, or (2) the violation concerns a new vehicle under Cal Civ. Code § 1793.2(d)(2), and the manufacturer or representative defendant failed to maintain a qualified third-party dispute resolution process. Cal Civ. Code §§ 1794(c), 1794(e). District courts are spilt on whether civil penalties should be included in the amount in controversy when a plaintiff's allegations of willful infringement are conclusory. *See Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal.) ("[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in

calculations to assess the amount in controversy"); *see also* Castillo v. FCA USA, LLC, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where defendant failed to provide any specific argument or evidence for including a civil penalty in the amount in controversy); *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) ( "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed."); *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023) ("District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("There is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy."); *Luna v. BMW of N. Am., LLC, 2018 WL 2328365*, at *4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *Lee v. FCA US, LLC*, 2016 WL 11516754, at *2 (C.D. Cal.) (same).

Here, Defendant argues that "Plaintiffs have done more than merely state that they are seeking civil penalties, they specifically allege willfulness." (Opp'n at 20). Defendant also observes that Plaintiffs presented the Subject Vehicle for repair at least ten times. (*Id*. at 20; *see also* Stafford Decl. ¶ 4). Notably, Plaintiffs do not dispute that they seek civil penalties of two times the actual damages. (Mot. at 10). Rather, Plaintiffs argue that "Defendant has provided no competent evidence of actual damages, any projection of civil penalties is likewise conjectural." (*Id*.). As discussed above, Defendant presents evidence of the amount of actual damages in controversy based on the Purchase Agreement, its review of Plaintiffs' repair history and a calculation of statutory offsets. Accordingly, the Court disagrees that Defendant's estimate of actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

damages is speculative. Because Defendant has demonstrated $46,805.68 in actual damages in controversy and $140,417.04 in total damages including civil penalties in controversy (Opp'n at 20), Defendant has demonstrated by a preponderance of the evidence that the amount in controversy both under the Song-Beverly claim and the Magnuson-Moss Warranty claim is met for this Court to exercise jurisdiction over this matter.[1]

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion.

**IT IS SO ORDERED.**

---

[1] Under the Song-Beverly Act, "if the buyer establishes a violation under Cal. Civ. Code §§ 1763.2(d)(2) or 1764, he "shall" recover reasonable attorneys' fees. Cal. Civ. Code §§ 1764(d)-(e)(1). Attorneys' fees, therefore, may be included in the calculation of the amount-in-controversy under Song-Beverly claims. Magnuson-Moss Warranty claims brought in conjunction with Song-Beverly claims also benefit from the same inclusion when calculating amount in controversy. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022). The Court, however, declines to address the issue of attorneys' fees because the amounts in controversy has been met prior to the inclusion of the attorneys' fees.